

**FILED**
**Aug 05, 2021**
**01:29 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **DONALD BALDWIN,** | ) | **Docket No. 2020-05-0417** |
| **Employee,** | ) | |
| **v.** | ) | |
| **EVERS CONSTRUCTION CO.,** | ) | **State File No. 25498-2019** |
| **INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Thomas Wyatt** |
| **ACCIDENT FUND INS. CO. OF AM.,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER DENYING ADDITIONAL
## PERMANENT PARTIAL DISABILITY BENEFITS

---

The Court held a Compensation Hearing on August 3, 2021, on Donald Baldwin's request for increased permanent partial disability benefits. He alleged entitlement to these benefits because his post-injury position at Evers Construction Co., Inc. did not provide overtime as did his pre-injury position, which resulted in a lower average weekly wage. Evers countered that, by statute, Mr. Baldwin is not entitled to increased permanent disability benefits because his hourly rate at the expiration of the original period of compensation exceeded the rate he earned on the date of injury.

For the reasons below, the Court holds Mr. Baldwin did not prove he is eligible for increased permanent partial disability benefits and denies his request.

### History of Claim

Mr. Baldwin sustained a compensable left upper-extremity injury while working for Evers. At the time of his injury, Mr. Baldwin worked in Evers's mechanical department and earned an hourly rate of $17.35. Mr. Baldwin testified he also worked mandatory overtime.

Evers provided authorized treatment and returned Mr. Baldwin to work as he

1

recuperated from his injury. After he reached maximum medical improvement, Mr. Baldwin's treating physician assigned a whole-body impairment rating of eight percent. The parties settled his original award of permanent disability benefits for $26,724.24 based on the rating and an average weekly wage of $742.34. Under the agreement, Mr. Baldwin maintained his right to seek increased permanent disability benefits. The Court approved the settlement on May 1, 2020.

At the expiration of his initial compensation period on November 5, 2020, Mr. Baldwin worked at Evers as a tool crib coordinator earning $21.00 per hour. This job requires that he work forty hours per week without the opportunity for overtime. Mr. Baldwin sought increased permanent disability benefits because his post-injury average weekly wages of $840 are substantially less than the average weekly wages he earned before the date of injury. Evers declined to voluntarily pay increased permanent disability benefits, so Mr. Baldwin requested this hearing.

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, the employee bears the burden of proving all elements of his claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2020).

Here, there is little, if no, dispute about the underlying facts:

- Mr. Baldwin's injury is compensable.
- He retained an eight-percent, whole-body impairment for his injury.
- He settled his case for an original award of permanent partial disability benefits totaling $26,724.24.
- His pre-injury hourly rate was $17.35, and he often worked overtime.
- The initial compensation period expired November 5, 2020.
- His current average weekly wage is less than his pre-injury average weekly wage because he now works in a job that pays him an hourly rate of $21.00 but does not provide overtime.

Instead, the dispute lies with the application of these facts to the law. Mr. Baldwin argued that he is entitled to increased permanent disability benefits because of the loss of overtime opportunities. He asserted that a "double standard" will occur if the Court considers only his increased hourly rate, and not his loss of overtime, in deciding his claim.

On the other hand, Evers relied on appellate interpretations of Tennessee Code Annotated section 50-6-207(3)(B) in contending that Mr. Baldwin is not entitled to increased benefits because his post-injury hourly rate of pay is higher than the rate he earned before the date of his injury.

2

The Court's analysis begins with the statute. An employee's right to increased permanent partial disability benefits is governed by Tennessee Code Annotated section 50-6-207(3)(B), which provides:

> If at the time the [original compensation period] ends the employee . . . has returned to work and is receiving wages or a salary that is less than one hundred percent (100%) of the wages or salary the employee received from the employee's pre-injury employer on the date of injury, the injured employee may file a claim for increased benefits.

Since Mr. Baldwin is an hourly employee, his claim for increased benefits turns on whether, post-injury, he is receiving lower "wages" than he earned pre-injury. The Workers' Compensation Law does not define the term "wages;" thus, the Court must look to case law for direction in how to interpret that term as used in section 50-6-207(3)(B).

In *Marshall v. Mueller Company*, 2016 TN Wrk. Comp. App. Bd. LEXIS 74, at *22-25 (July 11, 2016), the Workers' Compensation Appeals Board concluded that the definition of the term "wage" as set forth by the Supreme Court in *Powell v. Blalock Plumbing & Elec. & HVAC*, 78 S.W.3d 893, 898 (Tenn. 2002), and *Wilkins v. The Kellogg Co.*, 48 S.W.3d 148, 152-53 (Tenn. 2001), equally applied to the term "wages" as used in section 50-6-207(3)(B) after the enactment of the 2013 Reform Act. Specifically, the Supreme Court held that the term "wage" is not synonymous with the term "average weekly wage," and, for purposes of determining entitlement to additional permanent partial disability benefits, the term "wage" "means the *hourly rate of pay* for an employee who is compensated on an hourly basis. (Emphasis added).

Although *Marshall* presented different facts, both that case and Mr. Baldwin's turn on the definition of "wages" in section 50-6-207(3)(B). Simply put, the Appeals Board in *Marshall* defined "wages" for an hourly employee as the hourly rate of pay paid the employee. Since Mr. Baldwin earned a higher hourly rate post-injury, under *Marshall*, he is not entitled to increased permanent partial disability benefits.

Regarding Mr. Baldwin's loss of overtime income, the Appeals Board in *Marshall* relied on *Gerdau v. Ameristeel US, Inc.*, No. W2011-0414-WC-R3-WC, 2012 Tenn. LEXIS 488, at *7 (Tenn. Workers' Comp. Panel July 30, 2012). *Gerdau* held that, while the loss of overtime income bears on an hourly employee's average weekly wage, it does not determine an employee's right to additional permanent partial disability benefits, since the latter is determined by the employee's pre- and post-injury hourly rates of pay. For that reason, the Panel held the trial court in *Gerdau* properly denied increased benefits when an employee's post-injury hourly rate was higher than that he earned before the injury, even though the employee's loss of overtime reduced his post-injury income.

Based on the definition of "wages" in *Marshall*, the Court denies Mr. Baldwin's

3

claim for increased permanent partial disability benefits because his post-injury rate of pay is higher than that he earned on the date of injury.

**IT IS, THEREFORE, ORDERED:**

1. Mr. Baldwin's claim for increased permanent partial disability benefits is denied.

2. All other benefits provided Mr. Baldwin in the Settlement Agreement approved by the Court are preserved.

3. The filing fee of $150.00 is taxed to Evers and its carrier under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019) and shall be remitted to the Clerk of the Court of Workers' Compensation Claims within seven business days from the date of the issuance of the judgment. Further, counsel for Evers shall prepare and submit a Statistical Data Form for this case within ten business days from the date of judgment.

4. Unless appealed, this order becomes final in thirty days.

**ENTERED August 5, 2021.**

*Thomas Wyatt*
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Scheduling Order
4. Employer Witness and Exhibit Lists
5. Transfer Order
6. Employer Prehearing Statement
7. Post-Discovery Dispute Certification Notice

Exhibits:

1. Settlement approval documents
2. Wage Statement
3. Check stubs filed by Employee
4. Check stubs filed by Employer
5. Employee's responses to Employer's First Set of Requests for Admission

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 5, 2021.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Donald Baldwin Employee | | X | heritagehillsangus@gmail.com |
| Cole Stinson Employer's Attorney | | X | cole.stinson@afgroup.com |

Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on _____   ☐ Other Order filed on _____

issued by Judge _____

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____   Phone: _____

Email: _____

Attorney's Name: _____   BPR#: _____

Attorney's Email: _____   Phone: _____

Attorney's Address: _____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.


_____
*[Signature of appellant or attorney for appellant]*



## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries           $ _____ per month    Telephone       $ _____ per month
Electricity         $ _____ per month    School Supplies $ _____ per month
Water               $ _____ per month    Clothing        $ _____ per month
Gas                 $ _____ per month    Child Care      $ _____ per month
Transportation      $ _____ per month    Child Support   $ _____ per month
Car                 $ _____ per month
Other               $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____
Checking/Savings Acct.  $ _____
House                   $ _____    (FMV) _____
Other                   $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____